UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ON DEMAND MACHINE CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  4:01CV1668MLM |
| ) | JURY TRIAL DEMANDED |
| INGRAM INDUSTRIES, INC., ) | |
| LIGHTNING SOURCE, INC., and ) | |
| AMAZON.COM, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
IN LIMINE TO EXCLUDE OPINION TESTIMONY OF DEFENDANTS' EXPERT
LARRY NIXON ADDRESSING THE STATE OF THE LAW OR LEGAL
CONCLUSIONS**

**I.   INTRODUCTION**

Defendants Ingram Industries, Inc., Lightning Source, Inc. and Amazon.Com, Inc. intend to offer testimony evidence and expert reports of their expert witness Larry Nixon regarding claim interpretation, patent infringement, patent validity, patent enforceability and willfulness.  However, pursuant to Rule 702 of the Federal Rules of Evidence, an expert witness is limited to the offering of evidence and testimony that will "assist the trier of *fact* to understand the evidence or to determine a *fact* in issue." As such, no expert witness (including Plaintiff's) should be allowed to expound on any legal issues.  The proffering of any such testimony or evidence by Mr. Nixon will, therefore, invade the province of this Court and the jury.

ODMC's motion does not seek to preclude Mr. Nixon from testifying about the structure of the Patent Office based on his experience, how a patent application is processed through the Patent Office, or the procedures used by the patent attorneys who rendered opinions to Defendants regarding infringement.

1

Likewise, if the court grants this Motion in Limine, ODMC will not be offering its patent attorney expert witness, Edward Renner, to testify on the same subjects for which preclusion is sought regarding Mr. Nixon's testimony.

## II.  MR. NIXON SHOULD NOT BE ALLOWED TO TESTIFY AS TO ANY LEGAL OR FACTUAL CONCLUSIONS

### A. The Law of Expert Witnesses

A key requirement of Rule 702 is that the expert testimony must "assist the trier of fact to understand *the evidence* or to determine *a fact* in issue" Rule 702, Fed. R. Evid.  Pursuant to Rule 702, expert witnesses are restricted to proffering evidence and opinion testimony that will assist the jury to understand *factual* issues.  Nothing in Rule 702 allows an expert to provide any testimony of that expert's understanding of the *law*.  The jury is only to decide the facts and it is *solely* the duty of this Court to inform the jury of the law.  Proper application of Rule 703, therefore, dictates that a witness's testimony regarding legal issues or any exposition on the law must be prohibited.

Although it is well-established that expert testimony concerning an ultimate issue *of fact* is not *per se* improper (*see* Rule 704(a), Fed. R. of Evid.), the Eighth Circuit and the Federal Circuit have held that an expert witness cannot give an opinion as to his or her *legal conclusion*, i.e. an opinion on an ultimate issue of *law*.  *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995) (abuse of discretion to allow expert's testimony regarding reasonableness of officers' conduct in light of "Fourth Amendment standards" because such testimony was "a statement of legal conclusion"); *Nutrition 21 v. U.S.*, 930 F.2d 867, 871 (Fed. Cir. 1991)("An expert's opinion on the ultimate legal conclusion is neither required nor indeed "evidence" at all.) *citing Avia Group Int'l, Inc. v. L.A. Gear Calif., Inc.*, 853 F.2d 1557, 1564 (Fed. Cir. 1988).

Other circuits have similarly held that expert testimony of a legal conclusion before a jury is improper.  *U.S. v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the

jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's."); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (stating that expert testimony is not proper for an issue of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York*, 12 F.3d 892, 898-99 (9th Cir. 1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (stating that matters of law are "inappropriate subjects for expert testimony"). Generally, the use of expert testimony is not permitted if it will "usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *Duncan*, 42 F.3d at 101.

The only circumstance in which the Federal Circuit has indicated that expert testimony on a legal issue may be used is in the context of claim interpretation, which is before a judge - and not a jury. See *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 974 (Fed. Cir. 1995)("While this sort of [legal conclusion] testimony is acceptable … **as an interpretive aid to the court**, it is not evidence and cannot create a genuine fact question for the jury.")(emphasis supplied). Therefore, the only instance in which the Federal Circuit has allowed testimony by an expert as to a legal conclusion is during a *Markman* hearing where the judge is not required to accept such opinion even when it is uncontroverted but rather "the court has complete discretion to adopt the expert legal opinion as its own, to find guidance from it, or to ignore it entirely, or even to exclude it." *Markman*, 52 F.3d at 983.

In *EZ Dock, Inc. v. Schafer Systems, Inc.*, 2003 U.S.Dist. LEXIS 3634 (D.Minn. 2003) the Court granted EZ Dock's motion to preclude the Defendants' patent attorney expert from

3

addressing the state of the law or his legal conclusions. The Defendants sought to use Mr. Herink, a patent attorney, as an expert to testify on a variety of legal issues including claim interpretation, infringement including the application of the claims to the accused devices and prosecution history estoppel and the doctrine of equivalents, patent validity, and patent enforceability including the duties of a patent application before the Patent Office. The Court observed that EZ Dock has no objection to Herink testifying about Patent Office practices and procedures, or the reasonableness of the attorney who had rendered opinion letters to the Defendants. In granting the Motion in Limine, the *EZ Dock* Court concluded that any matters of correct interpretation of the patent claims was a matter for the Court, and Herink was precluded from explaining to the jury or otherwise testifying regarding prosecution history estoppel or its interface with a theory of infringement under the Doctrine of Equivalents. The *EZ Dock* Court further found that Herink's proposed opinions had nothing that satisfied the prerequisites of F.R.E. 702 that his scientific, technical or other specialized knowledge would assist the trier of fact. The Court rejected the Defendants' arguments that Herink's knowledge as a patent attorney would help the jury to understand the various statutory requirements for a valid and enforceable patent and the duties of an applicant in the patenting process. The Court properly found that: [t]hese are issues of law on which the Court will instruct the jury." *Id.* at *28. We urge this Court to follow the *EZ Dock* precedent and likewise preclude Mr. Nixon from so testifying.

Orders precluding the testimony of a patent attorney expert on the subjects of patent validity and other matters of patent law were issued in *Bausch & Lomb, Inc. v. Alcon Laboratories, Inc.*, 79 F.Supp. 2d 252, 258-259 (W.D.N.Y. 2000). "The court will instruct the jury regarding what is required of patents and patent applications, as well as what will render a patent invalid…", proclaimed the Court, *id.* at 258. The *Bausch & Lomb* Court also precluded the patent law expert

4

from testifying about "the problems Examiners encounter with the completeness or 'file integrity'" of the files maintained at the PTO, and the difficulties examiners face in discovering and obtaining prior art. *Id.* at 255. The Court granted the motion in limine precluding this testimony whose purpose the Court recognized would "be to attempt to undermine the presumption of validity under 35 U.S.C. § 282 by inviting the jury to speculate about possible defects, errors or omissions in the application process that led to the issuance of a patent-in-suit." *Id.* at 255. Likewise, in the case at bar, although ODMC has no objection to general testimony about procedures involved in the patent application process, testimony about problems that examiner's may encounter, file integrity and the difficulties examiners face, should be excluded from Mr. Nixon's testimony.

The reasoning of the Court's in the above discussed decisions precluding witnesses testifying based on their expertise in law is clear.. There is no danger that a Court, having expertise in the law itself, will substitute the expert's opinion as its own. However, in the case of expert testifying to legal conclusion before a jury, there is great danger that the jury, not having any special legal knowledge to weigh the expert's testimony, will treat such legal conclusion as evidence. Moreover, allowing patent law experts to testify for both plaintiffs and defendants creates a situation where the parties are either arguing ultimate conclusions or arguing the law to the jury without presenting the facts. Therefore, the lesson of the cases cited above is that a Court should prevent an expert from ***ever*** testifying to a legal conclusion at trial when a jury is the finder of fact.

      **B.**      **The Opinion Testimony Of Mr. Nixon Is Only A Legal Conclusion Reached By Weighing The Facts As The Jury Would.**

In this case, Mr. Larry Nixon is patent attorney hired by Defendants to provide expert opinion testimony as to the validity, infringement, enforceability and willful infringement of the

5

Ross Patent. Mr. Nixon is not a technical expert with any expertise in the technical area of the invention of the Ross Patent. Mr. Nixon's only expertise relevant to this case is his understanding of the patent law and patent office practice. Particularly, Mr. Nixon, in his expert report, purportedly opines that the Ross Patent is anticipated, obvious, invalid and/or unenforceable.[1] Mr. Nixon also apparently opines that there was no infringement by Defendants, and that even if there was infringement, it was not willful. In his expert report, in making each conclusion, Mr. Nixon provides a brief recitation of the law, cites deposition testimony and documentary evidence, and concludes that those facts amount to invalidity and unenforceability of the Ross Patent.

As discussed above, expert witnesses may not testify as to legal conclusions thereby inviting the jury to substitute the expert's decision for the jury's own. However, Mr. Nixon's expert report makes clear that he has no firsthand knowledge of any facts relevant to this suit and that he has no specialized knowledge that would make him competent to testify as a technical expert. In his expert report, he looks at the some of the facts of this case that will be presented to the jury and concludes that the testimony leaves no other conclusion but that patent is anticipated, obvious, fails to disclose the best mode, unenforceable due to inequitable conduct, and not infringed. (*See* Expert Witness Statement of Larry Nixon and Rebuttal Witness Statement of Larry Nixon (Exhibits A & B)). Mr. Nixon also makes comments regarding the meaning of claim terms that contradict this Court's *Markman* order of July 22, 2003. (*See id*)

However, conclusions on these issues are for the jury not make and not a testifying attorney (except claim interpretation, which has already been decided by this Court). Allowing Mr. Nixon to weigh the facts that are presented to the jury and testify to his conclusions from those facts based

---

[1] Between his original report and his rebuttal report, Mr. Nixon has provided over seventy (70) pages of expert testimony. However, a comprehensive review of Mr. Nixon's reports reveal that he actually provides no clear or

6

only upon his on expertise in the law is tantamount to telling the jury to accept the opinion because he is a lawyer and knows the law better.  This would violate Rule 702 that an expert to "assist the trier of fact to understand the evidence or to determine a *fact* in issue" and would violate the sound principle of the above-recited cases that the jury not be invited to accept the legal conclusion of the expert rather than weigh the facts themselves to arrive at their own conclusion.

Therefore, the Court should limit Mr. Nixon's testimony to the only the factual issues of which he has firsthand knowledge or he has obtained from his reading of the official record of the prosecution of the Ross Patent.  Specifically, Mr. Nixon's testimony must be limited to the *factual* issues regarding the prosecution history of the Ross Patent before the PTO.  All other evidence and testimony which may be offered by Mr. Nixon that is in any way related to the his opinion of whether the Ross Patent is infringed, invalid or unenforceable, on willful infringement, or in any way related to claim interpretation (a pure question of law already decided by this Court), or any other area of patent law should be excluded because such testimony constitutes a prohibited exposition of the law which invades the province of this Court and the jury.

### III.    CONCLUSION

Rule 702 limits the expert witness to the proffering evidence, which will assist the trier of fact in understanding factual issues.  Mr. Nixon will attempt to offer prohibited expositions on the law and his conclusions based upon his knowledge of the law.  Therefore, the Court should exclude Mr. Nixon from offering any type of evidence relating to patent law, particularly with regard to claim interpretation, patent infringement, willfulness, or patent validity or enforceability.

---

concise opinions on any of the matters he discusses in detail throughout the reports.

>Respectfully Submitted,
>
>By: s/McPherson D. Moore
>William B. Cunningham, Jr., E.D. Reg. #2915
>McPherson D. Moore, E.D. Reg. #3890
>Douglas D. Churovich, E.D. Reg. # 77,900
>Polster, Lieder, Woodruff & Lucchesi, L.C.
>12412 Powerscourt Drive, Suite 200
>St. Louis, Missouri 63131-3615
>(314) 238-2400
>(314) 238-2401 (Telefax)
>E-mail: wcunningham@patpro.com
>E-mail: mmoore@patpro.com
>E-mail: dchurovich@patpro.com
>
>David B. Helfrey, Esq., E.D. Reg. # 3867
>Helfrey, Simon & Jones, P. C.
>120 South Central Avenue, Suite 1500
>St. Louis, Missouri 63105
>
>ATTORNEYS FOR PLAINTIFF

8

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2004, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Keith A. Rabenberg, Esq.
Jennifer Hoekel, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square, 16th Floor
St. Louis, MO 63102

Counsel for Defendants Ingram Industries, Inc., Lightning Source, Inc., and Amazon.Com, Inc.

                                                        s/McPherson D. Moore
                                                       McPherson D. Moore,  #3890
                                                       Attorney for Plaintiff
                                                       Polster, Lieder, Woodruff & Lucchesi, L.C.
                                                       12412 Powerscourt Drive, Suite 200
                                                       St. Louis, MO 63131-3615
                                                       (314) 238-2400
                                                       (314) 238-2401 (fax)